UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.D.L., by and through his Guardian Ad Litem,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>Defendant. | Case No.: 2:19-08699 ADS<br><br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

**I.      INTRODUCTION**

Plaintiff R.D.L. ("Plaintiff"), a minor proceeding through his guardian ad litem and mother, challenges Defendant Andrew M. Saul, Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of his application for supplemental security income ("SSI").  For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

## II. FACTS RELEVANT TO THE APPEAL

A review of the entire record reflects certain uncontested facts relevant to this appeal.  Prior to the filing of Plaintiff's application for social security benefits, Plaintiff was referred at three years, four months of age, for psychological evaluation and assessment of developmental disabilities, including mental retardation and autism. (Administrative Record "AR" 377).  Plaintiff was diagnosed with Autistic Disorder under the DSM-IV-TR[1], and special education, communication therapy, and other measures were recommended.  (AR 380).

Thereafter, Plaintiff was treated through the East Los Angeles Regional Center and California Pediatric and Family Services with home intervention, behavior therapy, and other therapy.  (AR 50-51, 53, 68, 70-71, 74-75, 382-406, 532-83, 617-701).  He took special education classes and was enrolled in the individual education program through Los Angeles Unified School District.  (AR 311, 343, 414-28).

By the time of the 2017 administrative hearing on his disability claim, Plaintiff was eight years old, and still receiving treatment for autism and his accompanying language impairment.  (AR 48-50).  After the hearing, the Administrative Law Judge ("ALJ") sent interrogatories to licensed psychologist David M. Walsh, PsyD.  (AR 47, 608-09, 751-58).  On July 26, 2017, in the check box interrogatories, which also allowed handwritten explanation, Dr. Walsh noted Plaintiff's diagnosis of autism and indicated it had more than minimal limitation on Plaintiff's ability to function compared to other children of the same age.  (AR 752).  Dr. Walsh checked the box indicating Plaintiff's

---

[1] Diagnostic and Statistical Manual of Mental Disorders (4th ed., Text Revision, American Psychiatric Association 2000). See Carney v. Saul, 2021 WL 965324, at *3 n.3 (N.D. Cal. Mar. 15, 2021).

impairments did not meet or equal a listing (AR 753), and conducted "Domain Evaluations," indicating that Plaintiff did not have any marked or extreme limitations in six domains of functioning (AR 756-57).

### III. **PROCEDURAL HISTORY**

Plaintiff's mother filed Plaintiff's application for SSI on October 31, 2014, with an alleged disability onset date of December 1, 2011. (AR 213-21). The application listed his disabling condition as autism (AR 227), and later disability reports also alleged speech problems (AR 292, 300, 323, 326, 339). Plaintiff's application was denied initially on January 29, 2015 (AR 100-03), and upon reconsideration on June 5, 2015 (AR 109-13). A hearing was held before ALJ James Carberry on May 9, 2017. (AR 68-85). Plaintiff, represented by counsel, appeared at the hearing and provided limited background information, and his parents testified on his behalf but outside of his presence. (Id.).

On September 11, 2017, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act ("SSA").[2] (AR 220-33). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on August 13, 2017. (AR 1-9). Plaintiff then filed this action in District Court on October 9, 2019, challenging the ALJ's decision. [Docket ("Dkt.") No. 1].

---

[2] A child is "disabled" for the purposes of the SSI program if he suffers from "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Merrill v. Apfel, 224 F.3d 1083, 1084-85 (9th Cir. 2000).

On March 11, 2020, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. [Dkt. Nos. 18, 19]. The parties filed a Joint Stipulation on February 25, 2021. [Dkt. No. 29]. The case is ready for decision.[3]

### IV. ISSUES ON APPEAL

Plaintiff raises two issues for review, reordered as whether the ALJ: (1) properly considered if Plaintiff met Listing 112.10, for Autism spectrum disorder; and (2) failed to develop the record. [Dkt. No. 29 (Joint Stipulation), pp. 4-5].

### V. LEGAL STANDARDS

#### A. General Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

---

[3] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Dkt. Nos. 14, 16].

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

### B. Three-Step Sequential Evaluation for Child Disability

The Commissioner has promulgated regulations establishing a three-step evaluation process for the ALJ to follow when considering a disability application of a minor. 20 C.F.R. § 416.924(a). At step one, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity; if so, a finding of non-disability is made and the claim is denied. 20 C.F.R. § 416.924(b). If not, then the analysis proceeds to step two. At step two, the ALJ must determine whether the claimant has a severe medically determinable impairment or combination of impairments; if not, a finding of non-disability is made and the claim is denied. 20 C.F.R. § 416.924(c). If so, then the analysis proceeds to step three. At step three, the ALJ must determine whether the claimant's impairment meets or medically equals an

impairment in the Listing of Impairments ("Listings").  20 C.F.R. § 404, Subpart P, App.1.  If so, and Plaintiff meets the durational requirement, disability is presumed and benefits are awarded.  20 C.F.R. § 416.924(d).

Even if an impairment does not meet the requirements of, or is not medically equal to, a listed impairment, the claimant may still be disabled if his impairment or combination of impairments is *functionally* equivalent to a listed impairment.  20 C.F.R. § 416.926a.  Functional equivalence is measured by assessing the claimant's ability to function in the following six domains, which are "broad areas of functioning intended to capture all of what a child can or cannot do": (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for oneself; and (iv) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).  An impairment or combination of impairments functionally equals a Listing if it results "in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain."  20 C.F.R. § 416.926a(b)(1)(i-vi).[4]

If the claimant does not meet, medically equal, or functionally equal the listings, he is not disabled and the claim is denied.  20 C.F.R. § 416.924(d)(2).

---

[4] A limitation is "marked" if it "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities[,]" which "is the equivalent of the functioning [the Commissioner] would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." 20 C.F.R. § 416.926a(e)(2)(i).  A limitation is "extreme" if it "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities," however, it "does not necessarily mean a total lack or loss of ability to function[;]" rather, "[i]t is the equivalent of the functioning [the Commissioner] would expect to find on standardized testing with scores that are at least three standard deviations below the mean." 20 C.F.R. § 416.926a(e)(3)(i).

## VI. ANALYSIS

In the first Ground for relief, Plaintiff contends the ALJ failed to consider whether he met Listing 112.10, Autism spectrum disorder. [Dkt. No. 29, pp. 5, 12-15]. Specifically, he contends that he met the elements of Part A of that listing, and, regarding Part B, he had marked limitation in understanding, remembering, or applying information (Listing 112.10B1); interacting with others (Listing 112.10B2); and concentration, persistence, or maintaining pace (Listing 112.10B3).[5] [Dkt. No. 29, pp. 12-13]. For the reasons below, the Court agrees with Plaintiff regarding the ALJ's failure to consider the Autism Listing, and remands on that ground.

### A. ALJ's Decision

Applying the three-step evaluation process, the ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since the application filing date. (AR 23). At step two, the ALJ found that Plaintiff has had the following severe impairments: autism and expressive language disorder. (Id.). At step three, the ALJ concluded that Plaintiff has not had an impairment or combination of impairments that meets or equals a Listing. (Id.). Finally, also at step three, the ALJ found Plaintiff has not had an impairment or combination of impairments that functionally equals the severity of the listings. (Id.). In so finding, he assessed the six functional equivalency domains, and concluded Plaintiff had: (i) significant but less than a marked limitation in acquiring and using information (AR 24-26); (ii) significant but less than a marked limitation in attending and completing tasks (AR 26-28); (iii) significant but less than

---

[5] Plaintiff first argues he meets subparts B2 and B3, but then, two paragraphs later, states he meets subparts B1 and B2, "if not all sections of Part B" of Listing 112.10. [Dkt. No. 29, p. 13]. The Court considers Plaintiff's argument collectively as whether he meets subparts B1-3, as they are the three mentioned and argued in the Joint Submission.

marked limitation in interacting and relating with others (AR 28-29); (iv) no significant limitation in moving about and manipulating objects (AR 29-30); (v) significant but less than marked limitation in the ability to care for himself (AR 30-32); and (vi) no significant limitation in health and physical well-being (AR 32-33). Accordingly, the ALJ found that Plaintiff has not been disabled, as defined in the Social Security Act, since the date he filed his application. (AR 33).

**B. The ALJ Failed to Evaluate the Autism Spectrum Disorder Listing.**

Listing 112.10 for Autism spectrum disorder, for children age 3 to attainment of age 18, requires the following:

A. Medical documentation of both of the following:

1. Qualitative deficits in verbal communication, nonverbal communication, and social interaction; and

2. Significantly restricted, repetitive patterns of behavior, interests, or activities.

AND

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 112.00F):

1. Understand, remember, or apply information (see 112.00E1).

2. Interact with others (see 112.00E2).

3. Concentrate, persist, or maintain pace (see 112.00E3).

4. Adapt or manage oneself (see 112.00E4).

20 C.F.R. § Pt. 404, Subpt. P, App. 1; McLemore v. Comm'r Soc. Sec., 2019 WL 3767398, at *4 (E.D. Cal. Aug. 9, 2019).

Here, the ALJ's finding that Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of a listed impairment, states

-8-

in full that "[s]uch a finding is supported by a July 2017 assessment from a medical expert, David Walsh, Psy.D. (Exhibit 16F/3)[6]." (AR 23).

Having carefully reviewed the record, the Court agrees with Plaintiff that the finding is insufficient, for three reasons.  First, the ALJ did not discuss the listing for Autism, or even mention it in the decision, despite the fact the ALJ found Plaintiff had the severe impairment of autism, and Listing 112.10 was specifically asserted to be met, by counsel, during the hearing of Plaintiff.  AR 23, 50-52.  The Court acknowledges that the Commissioner is not required to state why a claimant does not meet "every different section of the listing of impairments." Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) (emphasis added).  However, the need to evaluate this specific Listing was called out by the Plaintiff's counsel during the hearing and supported by the ALJ's severe impairment finding.  The ALJ must provide some modicum of reasoning for this Court to conduct its review.  See Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020) ("the ALJ must provide sufficient reasoning that allows us to perform our own review, because the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based") (internal quotation marks and citations omitted); Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended) (federal courts "demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review").

Second, and relatedly, even looking to the single pin citation provided by the ALJ, there is insufficient explanation for why the listing was not met.  (AR 23).  The cited page is to Dr. Walsh's check-box interrogatory response indicating he did not believe

---

[6] (AR 753).

-9-

1  Plaintiff met Listing 112.10.  (AR 753).  In response to the "Rationale" portion following
2  the interrogatory asking to "please indicate . . . why you believe [the listing]
3  requirements are not met or equaled," Dr. Walsh simply stated, "diagnosis indicated per
4  medical records."  (Id.).  The specific purpose of the interrogatory was to obtain
5  "comment" on whether Plaintiff medically met the listing.  (AR 47).  Dr. Walsh's
6  "rationale" is similarly insufficient for the Court to conduct its review.  See Brown-
7  Hunter, 806 F.3d at 492; Blakes v. Barnhart, 331 F.3d 565, 569 (7th Cir. 2003)
8  (citations omitted) ("We require the ALJ to build an accurate and logical bridge from the
9  evidence to her conclusions so that we may afford the claimant meaningful review of the
10 SSA's ultimate findings."); see also, e.g., Robertson v. Colvin, 2013 WL 5232330, at *16
11 (D. Or. Sept. 12, 2013) ("[i]t would seem, at a minimum, that the Commissioner should
12 obtain and evaluate . . . an explanation" from doctor for her "check-box answers").

13        Third, the Commissioner does not contest that Plaintiff met Part A of Listing
14 112.10, and only attempts to refute Plaintiff's arguments regarding the Part B findings of
15 (1) understanding, remembering, and applying information, and (2) interacting with
16 others [Dkt. No. 29, pp. 16-18].  See Kinley v. Astrue, 2013 WL 494122, at *3 (S.D. Ind.
17 Feb. 8, 2013) ("The Commissioner does not respond to this [aspect of claimant's]
18 argument, and it is unclear whether this is a tacit admission by the Commissioner that
19 the ALJ erred or whether it was an oversight.  Either way, the Commissioner has waived
20 any response.").  In doing so, the Commissioner admits that the ALJ "spends most of the
21 decision" with the functional equivalency analysis and invites the Court to look to those
22 findings.  [Dkt. 29, pp. 16-18].  While the ALJ's functional equivalency finding that
23 Plaintiff "has had significant but less than marked limitation in interacting and relating
24 with others," (AR 28-29), might overlap and explain the lack of an extreme or marked

limitation of the "Interact with others" criterion of 112.10B2, there are no corresponding functional equivalency criteria for the other two listing criteria relied upon by Plaintiff: understanding, remembering, or applying information (Listing 112.10B1), and concentration, persistence, or maintaining pace (Listing 112.10B3). Even assuming there might be some overlap in the listing analysis and the functional equivalency analysis, the Court declines to conflate the two. See McLemore, 2019 WL 3767398 at *5 (finding ALJ erred "by failing to discuss Listing 112.10 with any specificity or clarity," and rejecting Commissioner's argument to look to the functional equivalency findings because the Court "cannot infer that the ALJ reasoned that his discussion of the six domains also necessarily dispensed with paragraph B of Listing 112.10, when the ALJ failed to mention Listing 112.10"). To do so here, where the ALJ did not in the first instance, would skirt the ALJ's duty to weigh the medical evidence and rule on a distinct route of establishing child disability. See Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (it is ALJ's obligation to analyze and weigh the evidence, whereas the Court is charged with reviewing ALJ's decision to determine whether it is supported by substantial evidence and is free from legal error); McLemore, 2019 WL 3767398 at *5 ("under the regulations meeting or medically equaling a listed impairment, and functionally equaling a listing, each remain distinct avenues to a finding of childhood disability").

      As such, the Court reverses the ALJ's decision and remands for an assessment of Listing 112.10 consistent with this decision. See McLemore, 2019 WL 3767398 at *5, *7.

### C. The Court Declines to Address Plaintiff's Remaining Argument

Having found that remand is warranted, the Court declines to address Plaintiff's remaining argument.  See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").  Because it is unclear, in light of the issues raised, whether Plaintiff is in fact disabled, remand here is on an "open record."  See Brown-Hunter, 806 F.3d at 495; Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).  The parties may freely take up all issues raised in the Joint Stipulation, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ.

### D. Remand For Further Administrative Proceedings

Remand for further administrative proceedings, rather than an award of benefits, is warranted here because further administrative review could remedy the ALJ's errors.  See Brown-Hunter, 806 F.3d at 495 (remanding for an award of benefits is appropriate in rare circumstances).  On remand, the ALJ shall properly review and evaluate Listing 112.10 in the first instance, and then proceed through the functional equivalency analysis, if necessary, to determine whether Plaintiff is disabled.

## VII. **ORDER**

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.  Judgement shall be entered accordingly.

DATE: March 26, 2021

                           /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge